UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE LIRIANO,                                                                    Case No.

                              Plaintiff,
     -vs.-
                                                                **COMPLAINT**

TIGER SECURITY GROUP, INC. and
TOYIN SOBANKE,

                              Defendants.
----------------------------------------------------------------X

      Plaintiff, JOSE LIRIANO, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### *THE PARTIES*

      1.     Plaintiff JOSE LIRIANO, (hereinafter "Mr. Liriano or "Plaintiff Liriano"") is an individual residing in Queens, New York.

      2.     Upon information and belief, Defendant TIGER SECURITY GROUP, INC., (hereinafter "Tiger Security") was and is a domestic corporation whose principal place of business is located at 6658 Avenue M, Brooklyn, NY 11234.

      3.     Upon information and belief, Defendant TOYIN SOBANKE, (hereinafter "Sobanke") is an individual, whose actual place of business is located at 6658 Avenue M, Brooklyn, NY 11234.

4. Upon information and belief, at all times herein pertinent, Defendant Sobanke, served as a principal, officer and/or manager of Defendants Tiger Security.

5. Upon information and belief, for the calendar year 2013 the gross receipts of Tiger Security were not less than $500,000.00.

6. Upon information and belief, for the calendar year 2014 the gross receipts of Tiger Security were not less than $500,000.00.

7. Upon information and belief, for the calendar year 2015 the gross receipts of Tiger Security were not less than $500,000.00.

8. Upon information and belief, for the calendar year 2016 the gross receipts of Tiger Security will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

9. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

10. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

### *FACTUAL ALLEGATIONS*

11. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce. These products included, but are not limited to, uniforms, log books, and walkie-talkies.

13. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

14. Tiger Security operates as a security company.

15. Plaintiff was employed by the Defendants from on or about February 2, 2009 until on or about November 29, 2015.

16. Plaintiff was assigned various duties including but not limited to attending the front entrance of the building, monitoring incoming persons, preventing theft and permitting or denying entrance to the premises.

17. Plaintiff's schedule was Mondays through Saturdays, inclusive, from 5 PM until 1 AM and Sunday from 6 PM until 2 AM.

18. Throughout his employment with the Defendants, Plaintiff was compensated $896.00 every two weeks.

19. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours.

20. Plaintiff did not receive the statutory minimum wage.

21. The Defendant Sobanke had the power to hire employees at Tiger Security, and hired Plaintiff on or about February 2, 2009.

22. Upon information and belief, the Defendant Sobanke had the power to fire employees at Tiger Security.

23. The Defendant Sobanke controlled the terms of Plaintiff's employment in that he would tell the Plaintiff what tasks to complete and on what time frame they needed to be completed.

24. Upon information and belief, the Defendant Sobanke controlled the work schedule of all of the employees of Tiger Security, including the Plaintiff's work schedule.

25. Upon information and belief, the Defendant Sobanke controlled the rates and methods of payment of each of the employees of Tiger Security, including the Plaintiff's pay rate and methods of pay.

26. At all times herein pertinent, the Plaintiff performed his duties for Defendants Tiger Security, at the direction and under the control of Defendant Sobanke.

27. Upon information and belief, and at all times herein pertinent, Defendant Sobanke exercised close control over the managerial operations of Tiger Security, including the policies and practices concerning employees.

28. At all times herein pertinent, Defendant Sobanke controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Tiger Security in general, and with respect to the Plaintiff in particular.

29. At all times herein pertinent, Defendant Sobanke acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

30. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

31. Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked, of wages or tips earned but upon information and belief, has not maintained them as required by law.

32. Defendant failed to furnish Plaintiffs with proper annual wage notices, as required by the NYLL.

33. Defendants failed to furnish Plaintiffs with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

34. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

35. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

36. The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

37. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

38. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

39. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE MINIMUM WAGE ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

40. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41. The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay Plaintiff the applicable minimum wage.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

42. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

43. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

44. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45. Defendants have willfully failed to furnish Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

46. Through their knowing or intentional failure to provide Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS)*

47. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48. Defendants have willfully failed to furnish Plaintiffs with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

49. Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

(a) awarding back pay for minimum wages due and owing to the Plaintiff;

(b) awarding back pay for overtime pay due and owing to the Plaintiff;

(c) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

(d) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(f) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
January 14, 2016

                         Respectfully submitted,
                         LAW OFFICES OF WILLIAM CAFARO

                         */s/ Amit Kumar*

                         Amit Kumar (AK0822)
                         Attorneys for Plaintiff
                         108 West 39th Street, Suite 602
                         New York, New York 10018
                         (212) 583-7400
                         AKumar@Cafaroesq.com
                         Our File No.: 52865

To:

TIGER SECURITY GROUP, INC.
6658 Avenue M
Brooklyn, NY 11234

TOYIN SOBANKE
6658 Avenue M
Brooklyn, NY 11234

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE LIRIANO,                                                                              Case No.

                                  Plaintiff,
      -vs.-

TIGER SECURITY GROUP, INC. and
TOYIN SOBANKE,

                                Defendants.
-----------------------------------------------------------------X

_____

**COMPLAINT**
_____

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52865